PER CURIAM.
We reverse a final summary judgment entered in favor of the defendant, City of Miramar. The record reflects issues of material fact sufficient to preclude summary judgment.
Mrs. Evans’ vehicle collided with a City of Miramar emergency vehicle, an SUV, that was proceeding through a red light at a busy intersection. According to Evans, she was driving on Pembroke Road when the light turned green and entered the intersection from the curb lane which was free of traffic. The city vehicle struck Evans’ car.
The vehicles in the other lanes had stopped to let the city vehicle pass. The driver of the city vehicle testified that he had put on his lights and siren, and entered the intersection, because he heard a radio dispatch that there was a fire in the area.
Section 316.072, Florida Statutes, governing obedience to traffic laws, includes a privilege, which provides:
(5) Authorized emergency vehicles.—
(a)l. The driver of an authorized emergency vehicle, when responding to an emergency call, when in the pursuit of an actual or suspected violator of the law, or when responding to a fire alarm, but not upon returning from a fire;
[[Image here]]
(b) The driver of a vehicle specified in paragraph (a), except when otherwise directed by a police officer, may:
[[Image here]]
2. Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;
3. Exceed the maximum speed limits so long as the driver does not endanger life or property;
4. Disregard regulations governing direction or movement or turning in specified directions, so long as the driver does not endanger life or property.
(c) The foregoing provisions shall not relieve the driver of a vehicle specified in paragraph (a) from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his or her reckless disregard for the safety of others.
We recognize that there is substantial deposition evidence favorable to the city, including testimony that the driver of the city vehicle had used his lights and siren, and was stopped or had slowed down, before proceeding through the intersection. There remains, however, some question as to whether he should have seen Mrs. Evans’ vehicle and whether he proceeded into Mrs. Evans’ lane with due regard for safety of persons approaching in that lane.
Viewing the record in the light most favorable to Mrs. Evans, as the non-moving party, a fact issue remains. The summary judgment is, therefore, reversed and remanded for trial.
FARMER, C.J., STONE and MAY, JJ„ concur.